## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JORDAN BAILEY, #Y31943,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24-cv-02552-SMY** |
| | ) | |
| **C/O JOHN DOE 1,** | ) | |
| **S/O JOHN DOE 2,** | ) | |
| **HCU SCHEDULER JANE DOE 1,** | ) | |
| **NURSE NICOLE,** | ) | |
| **N.P. CRANE, and** | ) | |
| **N.P. MIKE MOLDENHAUER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jordan Bailey, an inmate in the the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations stemming from allegedly unconstitutional conditions of confinement at Menard Correctional Center. He seeks money damages. The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen and filter out portions that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. *See id*.

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 6-11): Plaintiff was bitten by a brown recluse spider in Menard Correctional Center's East Cell House on or around September 14, 2023. *Id*. at 6. At the time, the cell house was infested with pests, including cockroaches, ants, and spiders. Sanitation Officer John Doe 2 (S/O Doe 2) was informed of the infestation on an undisclosed date but took no steps to address it. *Id*. at 10.

1

On September 14, 2023, Plaintiff woke up and discovered what appeared to be a bruise on his ankle.  *Id*. at 6.  He could barely stand, and he required assistance from his cellmate to use the toilet.  Plaintiff skipped visitation that day.

Gallery Officer John Doe 1 (C/O Doe 1) failed to complete his 30-minute gallery check, so Plaintiff could not obtain prompt treatment.  By the time the officer made his rounds, Plaintiff's bruised ankle was also swollen.  He showed the officer his ankle and asked for medical treatment.  C/O Doe 1 said he did not feel like completing the paperwork--the only paperwork he was willing to complete was a disciplinary report against Plaintiff for continuing to "cause a scene over a 'baby' injury."  *Id*. at 6-7.  The officer told him to wait until the next shift to seek treatment.  *Id*.

 Nurse Nicole and C/O Doe 1 made rounds to pass out medication later the same day.  When Plaintiff showed the nurse his ankle, she said, "[I]t's nothing, lay down."  *Id*. at 7.  Plaintiff complained to a lieutenant, who instructed the nurse take Plaintiff to the health care unit (HCU).  In route, Nurse Nicole said, "If it wasn't for the white shirt, I'[d] leave you in your cell."  *Id*.

Nurse Practitioner Mike Moldenhauer met with Plaintiff in the HCU.  Plaintiff reported a suspected spider bite.  N.P. Moldenhauer disagreed, saying a spider bite would not make Plaintiff's ankle look like a "golf ball."  *Id*.  The nurse practitioner diagnosed him with a blood clot and sent him to the hospital emergency room.  *Id*. at 8.  In the emergency room, Plaintiff was diagnosed with gout.  He was prescribed medication and released.

Plaintiff's condition only worsened.  The swelling in his ankle increased from the size of a golf ball to the size of a baseball.  Plaintiff suffered extreme pain.  He could not attend call pass or work.  When he informed C/O Doe 1 that he needed additional treatment for his worsening condition and extreme pain, the officer ignored him.  Nurse Nicole instructed him to submit a nurse sick call request, and they would see him when that "g[o]t around to it."  *Id*.  Several days later,

Plaintiff again asked Nurse Nicole to look at his ankle.

On September 29, 2023, Plaintiff was finally taken by wheelchair to the HCU, where N.P. Moldenhauer examined his ankle and diagnosed him with a suspected infection. Plaintiff was given Band-Aides and gauze and instructed to change his own dressings. N.P. Moldenhauer agreed to check on the wound again later, but ignored Plaintiff's complaints of extreme pain. Plaintiff was sent back to his cell without any pain medication. *Id*. Plaintiff's condition deteriorated in the days that followed. *Id*. at 9. In addition to extreme pain, he suffered a loss of appetite, nausea, and vomiting. N.P. Moldenhauer did not follow up with him, as agreed.

Plaintiff notified Nurse Practitioner Crane about his condition during med line, but she refused to see him because she already had a list of other inmates to see that day. N.P. Crane finally met with Plaintiff on October 4, 2023. By this time, Plaintiff's ankle and calf muscles were both swollen, and he could not walk. N.P. Crane diagnosed him with gangrene/infection and sent him to St. Louis University Hospital for treatment. Hospital physicians ultimately diagnosed Plaintiff with a soft skin infection resulting from a brown recluse spider bite. Healthcare providers informed him that he never had gout, and he could have avoided prolonged pain and permanent injury with prompt treatment. *Id*. When Plaintiff returned to Menard, HCU Scheduler Jane Doe failed to arrange a follow up appointment with N.P. Crane, resulting in additional delays in treatment. *Id*. at 9, 11.

## Discussion

The Court designates the following claims in the *pro se* Complaint:

**Count 1:**    Eighth Amendment claim against C/O John Doe 1, HCU Scheduler Jane Doe 1, N.P. Crane, N.P. Moldenhauer, and Nurse Nicole for exhibiting deliberate indifference to Plaintiff's brown recluse spider bite and related symptoms by delaying or denying him medical care at Menard in 2023.

**Count 2:**    Eighth Amendment claim against S/O John Doe 2 for exhibiting deliberate

indifference to a pest infestation in Menard's East Cell House in 2023. Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Count 1

To state a viable Eighth Amendment claim based on the denial of medical care, a plaintiff must plead facts suggesting that he suffered from a serious medical need and that each defendant responded to it with deliberate indifference. *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011). A condition that significantly affects an individual's daily activities or involves chronic and substantial pain is considered objectively serious. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). Deliberate indifference is shown by allegations that a defendant knowingly disregarded a serious medical condition or persisted in a course of treatment known to be ineffective. *Conley v. Birch*, 796 F.3d 742, 747 (7th Cir. 2015).

Plaintiff's alleged pain, infection, tissue damage, and immobility resulting from a brown recluse bite is sufficiently serious to state a claim. *See, e.g., Myrick v. Anglin*, 496 F. App'x 670, 674 (7th Cir. 2012) (painful MRSA infection sufficiently serious to support Eighth Amendment claim); *Gutierrez*, 111 F.3d at 1373 ("purulent draining infection" accompanied by pain and fever sufficiently serious under Eighth Amendment). And his allegations state a plausible claim of deliberate indifference against C/O John Doe 1, Nurse Nicole, N.P. Crane, and N.P. Moldenhauer for delaying or denying Plaintiff's repeated pleas for treatment of his spider bite, extreme pain, swelling, nausea, vomiting, immobility, and tissue damage in his ankle and/or leg in September and October 2023. As such, Count 1 will proceed against these individuals.

The allegations fail to state a colorable claim against HCU Scheduler Jane Doe 1. Plaintiff alleges that this defendant failed to promptly schedule a follow up appointment with N.P. Crane after he returned from the hospital. He offers no other details. At best, Plaintiff describes inadvertence, mistake, or negligence, which does not rise to the level of an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Accordingly, Count 1 will be dismissed against this defendant.

### Count 2

Prison officials violate the Eighth Amendment when they exhibit deliberate indifference to conditions that deny inmates "the minimal civilized measure of life's necessities," including adequate food, shelter, clothing, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff describes a pest infestation in Menard's East Cell House that S/O John Doe 2 was aware of and did not address. A prolonged infestation of pests can support a claim. *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008) ("[p]rolonged pest infestation, specifically an infestation involving cockroaches and mice" may support a claim). But, this requires the plaintiff to also allege that the defendant knew of and disregarded a substantial risk of serious harm posed by the conditions. *Farmer*, 511 U.S. at 847.

Plaintiff does not describe the nature or duration of the infestation. He does not allege that he put the defendant on notice of the infestation or its impact on him. Instead, his allegations against this defendant are conclusory and, as such, articulate no claim against S/O John Doe 2. Count 2 will be dismissed against all defendants for failure to state a claim.

### Identification of Unknown Defendants

Plaintiff will be allowed to proceed with Count 1 against two unknown defendants, *i.e.*, C/O John Doe 1 and Nurse Nicole. However, he must identify them with particularity, so they can

be served with this lawsuit.  Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these individuals.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).  The Current Warden of Menard Correctional Center will be added as a defendant, in an official capacity only, for purposes of responding to discovery aimed at identifying them.  Once their names are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of C/O John Doe 1 and Nurse Nicole.

### Disposition

The Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A, as follows:

**COUNT 1** will receive further review against Defendants **C/O JOHN DOE 1 (once identified), NURSE NICOLE (once identified), NURSE PRACTITIONER CRANE,** and **NURSE PRACTITIONER MIKE MOLDENHAUER**, in their individual capacities.

**COUNT 1** is **DISMISSED** without prejudice against **S/O JOHN DOE 2** and **HCU SCHEDULER JANE DOE 1** for failure to state a claim, and **COUNT 2** is **DISMISSED** without prejudice against **ALL DEFENDANTS**, including **S/O JOHN DOE 2**, on the same grounds.

The **CURRENT WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only)** is hereby **ADDED** as a defendant and is responsible for responding to discovery aimed at identifying C/O John Doe 1 and Nurse Nicole, according to the Doe Identification Order that will be entered when the Current Warden files a Notice of Appearance.

With respect to **COUNT 1**, the Clerk of Court shall prepare for Defendants **CURRENT WARDEN OF MENARD CORRECTIONAL CENTER, in an official capacity only,** and **C/O JOHN DOE 1 (once identified), NURSE NICOLE (once identified), NURSE PRACTITIONER CRANE,** and **NURSE PRACTITIONER MIKE MOLDENHAUER, in their individual capacities:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail

these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order. The Current Warden need only appear in this matter.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* application was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ADD the CURRENT WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only) as a defendant in CM/ECF; TERMINATE S/O JOHN DOE 2 and HCU SCHEDULER JANE DOE 1 as defendants in CM/ECF; and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED:  March 24, 2025**

s/ *Staci M. Yandle*
**Staci M. Yandle**
**United States District Judge**

8

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**